**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** | **U.S. Courthouse** |
| **TIMOTHY J. SULLIVAN** | **6500 Cherrywood Lane** |
| **CHIEF MAGISTRATE JUDGE** | **Greenbelt, Maryland 20770** |
| MDD_TJSchambers@mdd.uscourts.gov | **(301) 344-3593** |

June 3, 2026

LETTER TO COUNSEL:

    Re:   *Diggs v. Griffith*
           Case No. TJS-25-3767

Dear Counsel:

There are three motions to compel currently pending in this case. ECF Nos. 26, 28 & 29. On April 22, 2026, the Court ordered the parties and third-party subpoena recipients to meet and confer, and to make reasonable efforts to resolve their disputes. ECF No. 31. The parties were directed to file a joint status report that detailed, "for any remaining disputes, an itemization of each dispute and a summary of each party's position on the dispute." *Id.* On May 8, 2026, the parties filed a joint status report that described twelve remaining disputes. ECF No. 35. The Court attempted to schedule a hearing to resolve these disputes. Out of the thirteen dates spanning over three months that were provided by the Court, counsel and the parties could not make themselves available for even one of the proposed dates. Accordingly, the Court will rule on the papers and without the benefit of oral argument, as is permitted under Local Rule 105.6.

For the reasons explained herein, the Motion to Compel Discovery by Christopher Blake Griffith (ECF No. 26) is granted in part and denied in part. The Motion to Compel Non-Party SMAC Entertainment LLC to Comply with Subpoena Duces Tecum (ECF No. 28) and the Motion to Compel Non-Party The Sports and Entertainment Group PLLC to Comply with Subpoena Duces Tecum (ECF No. 29) are denied as moot. The Court assumes that the issues raised in the third-party motions to compel have been resolved, as the parties were directed to include third-party recipients in the meet and confer, and failed to brief any related issues in the joint status report at ECF No. 35.

**I.      Discovery in Federal Civil Litigation**

Discovery under Rule 26 is broad in scope and freely permitted. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). In resolving discovery problems that arise in their cases, district courts exercise broad discretion. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). In exercising their discretion, courts must administer the Federal Rules of

1

Civil Procedure in a manner that secures the "just, speedy, and inexpensive determination" of every case. Fed. R. Civ. P. 1.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Under Rule 33, a party may serve written interrogatories on other parties concerning any matter within the scope of Rule 26(b). The party responding to interrogatories must answer them fully and under oath. Under Rule 34, a party may request that another party produce documents or electronically stored information in the responding party's possession, custody, or control. If a responding party fails to fully answer interrogatories or produce requested documents, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B).

The Federal Rules of Civil Procedure take a "demanding attitude toward objections." Charles Alan Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2173 (3d ed. Sept. 2025 update). Under Rules 33 and 34, a failure to timely raise objections amounts to a waiver of those objections "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(a)(4); *see also Hall v. Sullivan*, 231 F.R.D. 468, 473-74 (D. Md. 2005) (explaining that "the procedures under Rule 34 were intended to be governed by the same procedures applied under Rule 33"); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) (same). Courts routinely find that parties waive their objections to discovery requests by failing to raise them on time. *See, e.g., Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, No. JKB-17-3690, 2018 WL 6305779, at *3 (D. Md. Dec. 3, 2018) ("Because neither Defendant raised a timely objection to the requests, any objections, other than those based on privilege, are likely now waived."); *Malibu Media, LLC v. Doe*, No. CBD-14-1230, 2016 WL 7491622, at *2 (D. Md. Dec. 30, 2016) (finding that a party's failure to timely raise objections amounted to a waiver of the right

to object); *Warner v. Cellco P'ship*, No. ELH-13-03100, 2015 WL 6956517, at *4 (D. Md. Nov. 10, 2015) ("I found that Mr. Warner had failed to show good cause for his failure to assert timely objections to defendants' discovery requests, and thereby waived all grounds (other than privilege) for objecting to these discovery requests"); *Montgomery v. CSX Transportation, Inc.*, No. SAG-14-1520, 2015 WL 6560447, at *8 (D. Md. Oct. 28, 2015) (finding that a party's untimely objections amounted to a waiver of its right to object); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222 (N.D.W. Va. 2007) (finding that a party waived its objections by failing to timely raise them in their responses); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (finding that a party waived its objections by filing them 22 days late).

A party opposing an interrogatory or document production request bears the burden to show why the discovery sought should not be allowed. *McNulty v. Casero*, No. SAG-16-2426, 2019 WL 5454900, at *3 (D. Md. Oct. 24, 2019) ("The party resisting discovery generally carries the burden to 'clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules.'") (quoting *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005)); *see also Hake v. Carroll County, Md.*, No. WDQ-13-1312, 2014 WL 3974173, at *5 (D. Md. Aug. 14, 2014) (stating that the party opposing a motion to compel carries the burden "to establish that the information is not relevant, or that the discovery request should be denied").

A "party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (Grimm, J.); *Papanicolas v. Project Execution & Control Consulting, LLC*, No. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015) (same); *Hake*, 2014 WL 3974173, at *4 (same). "A conclusory assertion of burden and expense is not enough." *Tucker*, 191 F.R.D. at 498; *see also Deutsche Bank Nat'l Tr. Co. v. Fegely*, No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020) (explaining that a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence stating with specificity the nature and extent of the burden and that merely objecting "that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request") (internal quotation marks omitted).

With these principles in mind, and having reviewed the parties' submissions, the Court orders as follows.

3

**II.      The Parties' Disputes**

The Court will address each of the parties' disputes, as listed in ECF No. 35.

**Dispute No. 1: Temporal Scope of Responses**

INT 1: Diggs must identify his communication platform identifiers from May 1, 2020, to present. The same temporal limitation applies to RFPDs 3 and 4.

INT 14: Diggs must identify any business relationship, sponsorship, endorsement, employment, opportunity, partnership, or financial arrangement to which he has been a party from January 1, 2020, to present. Discovery regarding his NFL playing career and team contracts is excluded. The same temporal limitation applies to RFPDs 18 and 20.

INT 17: Diggs must identify his public relations and reputation management consultants from May 1, 2023, to present. The same temporal limitation applies to RFPD 21.

RFPDs 19 and 25: Diggs is directed to produce all responsive documents from May 1, 2020, to present.

**Dispute No. 2: Direction to Heretofore Unproduced Documents in Lieu of Written Answers**

Diggs must provide truthful, complete, and non-evasive responses to INTs 1, 2, 4, 14, 15, 16, and 17. To the extent that Diggs wishes to answer any portion of an interrogatory by producing his business records, he may only do so as permitted by Fed. R. Civ. P. 33(d), and he must specify the records that answer the interrogatory by Bates number or other reference that will allow Griffith to identify them.

**Dispute No. 3: Mr. Diggs's Relationship with Mr. Griffith Prior to May 20, 2023**

Diggs must provide a truthful, complete, and non-evasive response to the entirety of INT 3, beyond stating that he and Griffith were "acquaintances."

**Dispute No. 4: Identification of Allegedly Defamatory Statements**

Diggs's response to INT 5, subparts (a) and (b) is sufficient. By signing his interrogatory answers under oath, Diggs swore to the truth of his responses, including (by reference) the truth of paragraphs 20-34, 36, and 46 of his complaint.

Diggs must provide a truthful, complete, and non-evasive response to INT 5, subpart (c).

4

**Dispute No. 5: Identification of Witnesses and Persons Present at Mr. Diggs's Rockville Residence**

Diggs must provide a truthful, complete, and non-evasive response to INT 6, subparts (b) through (h). Diggs is not required to respond to INT 6, subpart (a).

Diggs must provide a truthful, complete, and non-evasive response to the entirety of INT 7.

**Dispute No. 6: Mr. Diggs's Account of His Interactions with Mr. Griffith, May 20-22, 2023**

Diggs must provide a truthful, complete, and non-evasive response to INT 8, subparts (a), (b), and (d). Diggs is not required to respond to INT 8, subpart (c).

**Dispute No. 7: Mr. Diggs's Communications with the May 29, 2023 Attackers**

Diggs's response to INT 11, subpart (a) is sufficient.

Diggs must produce all responsive documents to RFPD 14, subpart (c) from May 20, 2023, to June 30, 2023.

**Dispute No. 8: Mr. Diggs's Monetary Payments to the May 29, 2023 Attackers**

Diggs must provide a truthful, complete, and non-evasive response to INT 11, subpart (c) and must specifically describe any payments made to the May 29, 2023, assailants from May 20, 2023, to November 30, 2023.

Diggs must produce all documents from May 20, 2023, to November 30, 2023, that are responsive to RFPD 15.

**Dispute No. 9: Contact Information for Darez Diggs, Charlie Jordan, and Corey Mack**

Diggs must provide a truthful, complete, and non-evasive response to INT 12.

**Dispute No. 10: Prior Allegations of Sexual Misconduct Against Mr. Diggs**

Diggs is directed to provide a truthful, complete, and non-evasive response to INT 19, as rephased: Identify any and all allegations known to you, made by any person that in any way suggests that you engaged in sexual misconduct, irrespective of whether formal complaints were ever filed, from May 1, 2020, to present.

Diggs must produce all documents from May 1, 2020, to present that are responsive to RFPD 23.

**Dispute No. 11: Mr. Diggs's Prior Possession and Distribution of Controlled Substances**

Diggs is not required to answer INTs 20 and 21.

**Dispute No. 12: Production of Medical Records Pertaining to Mr. Diggs's Claimed Emotional Distress**

Diggs must produce all documents from May 20, 2023, to present that are responsive to RFPD 22 and which relate to the emotional distress that Diggs claims to have suffered as a result of Griffith's alleged defamatory statements.

### III.    Diggs's Deadline for Production

Diggs must produce his answers to Griffith's interrogatories and document production requests, as set forth above, within 14 days of the date of this Order.

To the extent that Diggs withholds documents on the basis of any privilege, including the psychotherapist-patient privilege, he shall comply with the mandates of Rule 26 and the Court's Local Rules. Any privilege log must be produced to opposing counsel within 14 days of the date of this Order. To assist Diggs in preparing a privilege log, the Court notes that Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party withholding discoverable information on the basis of the attorney-client privilege or work-product protection to

(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Guideline 10(d) of the Court's Local Rules contains other requirements. It provides that a party must "identify with specificity the nature of the privilege (including work product) that is being claimed," and identify each document withheld with a description of the type of document, the document's subject matter, the date of the document, and other identifying information for the document "including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other." If a party shows that providing separate designations for each withheld document "would be excessively burdensome or expensive," it may designate documents as privileged or protected by category, so long as each document "(1) is within the

6

privilege/protection claimed and (2) shares common characteristics such as sender, receiver, author, or specific subject matter." *Id.*

Once the privilege log is produced, Guideline 10(d) establishes a procedure for challenging privilege designations and responding to those challenges. The guideline also cautions that a party's failure to particularize privilege claims risks waiving privilege.

## IV.     Warning about Noncompliance

This is an order compelling production of discovery. *See* Fed. R. Civ. P. 37(a). If Diggs violates this Order, the Court may impose sanctions against him, including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

## V.     Attorney's Fees

Under Rule 37(a)(5), a party ordered to produce discovery in connection with a motion to compel, or a party that produces discovery after a motion to compel is filed, is generally required to pay the reasonable expenses incurred by the party that made the motion, including attorney's fees. But the Court "must not order this payment if [the motion] was substantially justified[] or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5). "A legal position is 'substantially justified' [under Rule 37] if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)).

Here, the Court declines to award attorney's fees to Griffith. The majority of Diggs's arguments were substantially justified (albeit unpersuasive). Further, the parties' submissions indicate that Diggs made some effort at compromise. The submissions do not portray a similar

willingness to compromise from Griffith. Under these circumstances, the Court finds that an award of expenses would be unjust.

**VI.    Amended Scheduling Order**

The Scheduling Order is modified as follows:

| | |
|---|---|
| July 2, 2026 | Deadline for completion of fact discovery (to include fact witness depositions) |
| July 2, 2026 | Deadline for completion of expert discovery (to include expert witness depositions) |
| July 2, 2026 | Submission of joint status report |
| July 9, 2026 | Requests for admission |

The joint status report must comply with the instructions set forth in ECF No. 15. The joint status report must state whether the parties would like this case to be referred to another magistrate judge for a settlement conference. Considering the significant factual disputes in this case, the parties are further instructed to state whether they would like this conference to occur before or after the filing of any dispositive pretrial motions. Given that discovery has been ongoing since November 2025, and considering the significant discovery problems that the parties have encountered in this relatively straight-forward case, the Court is not inclined to grant any further extensions of the discovery deadline. Diggs and Griffith have each brought claims in this Court, and they will be required to diligently litigate them.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Sincerely yours,

     /s/
Timothy J. Sullivan
Chief United States Magistrate Judge

8