**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| |
|---|
| **STEFON DIGGS,** |
| *Plaintiff and Counter-Defendant,* |
| **v.** |
| **CHRISTOPHER BLAKE GRIFFITH,** |
| *Defendant and Counter-Claimant.* |

**Civil Action No. 8:25-cv-03767-TJS**

<u>**PLAINTIFF AND COUNTER-DEFENDANT STEFON DIGGS' REPLY IN SUPPORT OF MOTION TO STAY COUNTERCLAIM FOR CIVIL CONSPIRACY**</u>

Now comes Plaintiff and Counter-Defendant Stefon Diggs ("Mr. Diggs") and respectfully submits this Reply in Support of his Motion for an Order staying Count III of Defendant and Counter-Plaintiff Christopher Blake Griffith's ("Mr. Griffith") Counterclaim for Civil Conspiracy (the "Civil Conspiracy Counterclaim"). The Civil Conspiracy Counterclaim raises identical issues and alleges identical damages as a case Mr. Griffith initiated over two years ago in California state court which is set for trial in January 2027 ("California Case"). Mr. Diggs was named as a Cross-Defendant in the California Case based on Mr. Griffith's belated and retaliatory allegations that form the basis of the Civil Conspiracy Counterclaim in this case. Mr. Griffith's attempt to litigate the same claims in multiple forums and obtain duplicative damage awards constitutes blatant gamesmanship and results in severe prejudice to Mr. Diggs. Moreover, the main point on which Mr. Griffith relies in his opposition—that the evidence concerning the alleged May 29 incident will "necessarily" be a part of this case—illustrates the precise parallel and duplicative nature between the two cases and why the Civil Conspiracy Counterclaim should be stayed.

1

## RELEVANT PROCEDURAL BACKGROUND

Griffith initiated the California Case nearly two years before this case based on an alleged physical attack on Mr. Griffith in Los Angeles on May 29, 2023 (the "Incident"). In California, he alleges causes of action for Assault, Battery, Conversion, and Negligence against Darez Diggs, NFC Amenity Management dba TFC Partners, Inc. ("NFC") and IRP Griffin Apartments, LLC ("IRP") (Declaration of Richard T. Lobas, ECF No. 36-2 ("Lobas Dec."), ¶ 7). However, after Mr. Griffith filed his Civil Conspiracy Counterclaim in this case nearly two years later and in obvious retaliation for Mr. Diggs asserting his defamation claims, Mr. Diggs was dragged into the California Case as a result. Mr. Diggs is thus being forced to defend the same contrived allegations in two forums on different sides of the country. Mr. Griffith's failure to name Mr. Diggs in the California matter is not dispositive. The fact remains that the California Case is based on the precise allegations giving rise to Mr. Griffith's Civil Conspiracy Counterclaim.

For a complete recitation of the underlying facts, Plaintiff respectfully requests that this Court reference the accompanying Lobas Dec., dated May 15, 2026, and the court documents and references thereto.

## ARGUMENT

I.    **DIGGS' MARYLAND SUIT AND THE CALIFORNIA CASE ARE PARALLEL PROCEEDINGS, THUS MEETING THE THRESHOLD REQUIREMENT FOR A STAY**

To determine whether the federal and state suits in question are parallel, the Fourth Circuit has determined that there are three factors to evaluate: (1) whether the parties are substantially the same; (2) whether the legal issues are substantially the same; and (3) whether the remedies sought are the same. *Great American Ins. Co. v. Gross,* 468 F.3d 199, 207–08 (4th Cir. 2006). This case and the California Case satisfy all three factors.

2

First, the parties are substantially similar, as Mr. Griffith and Mr. Diggs are parties to both cases. Defendant's reliance upon *Great American Ins. Co.* is entirely misplaced. 468 F.3d 199. In *Great American Inc. Co.*, the plaintiff was not a party to any state court action and thus the court determined that abstaining would deprive the plaintiff from an ability to litigate their claims. *Id.* at 208. Specifically, the Court reasoned that "[i]n this case, Great American is not a party to any of the Alabama state court actions. Accordingly, to abstain in favor of the Alabama state court actions would deprive Great American of the opportunity to litigate its claims." *Id.* at 209.  Here, both Diggs and Griffith are parties in both cases and abstaining the claim in this action would have no prejudicial effect on Griffith to litigate the claim in the California Case.

Second, the issues relating to the Civil Conspiracy Counterclaim and the California Case are identical. Defendant claims that the proceedings are not parallel because there are "unique claims" to this action that would never be resolved in the California Case. Defendant further cites *McLaughlin v. United Va. Bank* to argue a stay would be "reversible error" as there are claims pending in the federal action that have never been pending in the California Case so therefore the cases cannot be parallel. 955 F.2d 930. Yet again, Defendant misapplies the case law. In *McLaughlin* there were multiple state actions that had been amended and dismissed, and the federal suit was the only forum left for plaintiff's rights to be protected. *Id.* at 935.  Here, there is only one state action, the California Case, that due to the nature of the claims and relief sought offer full protection and opportunity to litigate to Mr. Griffith, thus making the Civil Conspiracy Counterclaim in this action duplicative. Moreover, while Mr. Griffith makes much of the *McLaughlin* court's reasoning that the fact that a breach of contract action was pending in the federal case that was never pending in the state court case supported a finding that the cases were not parallel, that fact alone was not dispositive, as it also referenced significant party differences.

3

Also, the Court noted that the breach of contract claims in the two cases at issue in *McLaughlin* were distinct: "McLauglin points out that the breach of contract claims addressed in this state suit are different from those presented in the federal suit before us." Here, on the other hand, the Civil Conspiracy Counterclaim is not "different" than the duplicative claims in the California Case. The only actual distinction is the party advancing the position that Mr. Diggs was somehow involved in the May 29 incident. Here, it is Mr. Griffith himself. In California, it is NFC. The facts supporting the claims are identical; the party asserting the theory is different. Indeed, even following *McLaughlin,* a "partial stay" was found to be appropriate in a Court within the Fourth Circuit. *Giles v. ICG, Inc.*, 789 F.Supp.2d 706, 713 (S.D.W.Va 2011).

While Plaintiff relies on the Ninth Circuit case *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021) , a case within the Ninth Circuit after *State Water* determined that a partial stay is appropriate where the individual counterclaim sought to be stayed was "entirely parallel" to the state court action. *Denker v. Ricchio*, 2022 WL 17327326, at *4-5 (C.D. Cal. Sept. 1, 2022). In such a situation, trying the "entirely parallel" counterclaim in federal court would require wholesale duplication efforts. *Id.* at *5. Similarly here, the Civil Conspiracy Counterclaim is entirely parallel to the California Case. The only difference is the party asserting the legal theory.

Defendant also cites *Al-Abood v. El-Shamari*, to support his argument that the cases are not substantially similar. 217 F.3d 225. However, in *Al-Abood*, the central issue in one action was "whether a trust created and whether trust funds were confiscated," and the central issue in the other action was whether the parties were fiduciaries or committed fraudulent acts. *Id.* 232-33. While the court noted that were certain facts in common, the cases centered on differing legal issues. *Id.* Here, the California Case and the Civil Conspiracy Counterclaim not only revolve

around the same set of facts surrounding the May 29 Incident, but they also both cover the legal question of whether Diggs can be found liable for his alleged participation. This makes both cases substantially similar and supports a determination that the cases are in fact parallel proceedings. [1]

Defendant cites *VonRosenberg v. Lawrence* to support his argument that the California Case is not a parallel action. 849 F.3d 163. Yet, *VonRosenberg* is easily distinguishable from this action. In *VonRosenberg*, neither party in the federal action was a party in the state action. *Id.* at 169. Contrarily here, both Diggs and Defendant are parties to both the California Case and this action.  Further, in *VonRosenberg*, there were federal patent law claims at issue in the federal action that could not be resolved in the state court action. *Id.*  In this case, the Civil Conspiracy Counterclaim is a legal issue that is not only present in the California Case but actively being litigated there. The issues in *VonRosenberg* that led to a denial of a stay are not present in this case, and are in fact directly opposite, thus heavily favoring the granting of a stay of the Civil Conspiracy Counterclaim.

Finally, there is no legitimate dispute that California Case and this case are not equivalent. Defendant offers the same experts to prove his damages in both actions. (Lobas Dec., ¶ 16). Defendant also provided substantially identical responses to his interrogatories in both this case and the California Case when asked about his medical providers, medical bills, and allegedly stolen personal items that purportedly constitute his alleged damages in both cases. (Lobas Dec., ¶ 17.)

## II.    THERE ARE "EXCEPTIONAL CIRCUMSTANCES" TO WARRANT A STAY IN THIS CASE

This action and the California Case are parallel proceedings, and Diggs can show why there

---

[1] Defendant's reference to *United States v. State Water Res. Control Bd.*, to argue a partial stay is improper inapposite because it is not from this circuit and the case itself contemplates that there are scenarios where a partial stay appropriate. 988 F.3d 1194 (9th Cir. 2021) (noting that a partial stay could be granted if there is clear evidence of forum shopping).

are exceptional circumstances present to warrant the stay.

While Defendant argues that Maryland is not an inconvenient forum for Diggs, that is not the only consideration with respect to this factor. The issues surrounding the Civil Conspiracy Counterclaim all favor California as the more convenient forum. It is where the Incident occurred, where most of the witnesses are located, where Defendant's purported experts are located, and where Defendant himself resides. So, while it is true that Maryland is not an inconvenient forum for Diggs, the true determination lies with the fact that the most convenient forum for adjudicating the Civil Conspiracy Counterclaim is undoubtedly California.

With respect to the factor concerning the order in which the courts obtained jurisdiction, Mr. Griffith contends that Mr. Diggs "chose" this forum and the case was removed to this Court before Mr. Diggs was named a party to the California Case. The California Court obtained jurisdiction over the dispute regarding the events of May 29, 2023 at issue in this case in January 2024, long before Mr. Griffith filed his Civil Conspiracy Counterclaim. Mr. Diggs did not "chose" this forum to litigate any alleged involvement in that incident; he chose this forum to litigate his claims arising from Mr. Griffith's defamatory social media posts.

Additionally, there are clear and substantial bases to find that there is a risk of piecemeal litigation if this case is not stayed. The issues in the California Case and the Civil Conspiracy Counterclaim are identical. The Civil Conspiracy Counterclaim in this case is based on Mr. Griffith's allegation that Mr. Diggs "conspired" with three non-parties, Darez Diggs, Charlie Jordan, and Corey Mack, in connection with the Incident. (Answer, Defenses, and Counterclaims of Defendant Christopher Blake Griffith, ECF No. 12, at ¶¶ 137-157). The Cross-Complaint alleges that Mr. Diggs (along with the other Cross-Defendants) should be liable for contribution or indemnity based on an alleged role in the Incident. *Id.*; *see also id.* at ¶ 11 (IRP's Motion to

Continue Trial, detailing that the rationale for naming Mr. Diggs as a Cross-Defendant is based exclusively on Mr. Griffith's allegations in his Counterclaims in this case). These overlapping legal issues and factual allegations are the perfect example of the type of piecemeal litigation that favors a stay, as without one, Griffith would be allowed the opportunity to litigate the same claim in two forums which would lead to the ability for him to recover double damages.

## III.    **CONCLUSION**

For the foregoing reasons, pursuant to the *Colorado River* Abstention doctrine, the Court should grant Mr. Diggs' Motion and stay this federal action pending resolution of the California Case.

Dated: June 12, 2026

Respectfully Submitted,

*/s/ Richard T. Lobas*

Mitchell Schuster, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Email address: ms@mss-pllc.com

Richard Lobas, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Email address: rtl@mss-pllc.com

Kevin M. Hutzel, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: 212-655-3500
Email address: kmh@mss-pllc.com


Charles S. Fax (Fed. Bar No. 02490)
Rifkin Weiner Livingston LLC
7700 Wisconsin Avenue, Suite 320
Bethesda, Maryland 20814
cfax@rwllaw.com
Telephone: (301) 951-0150
Cell Phone: (410) 274-1453

Barry L. Gogel (Fed. Bar No. 25495)
Rifkin Weiner Livingston LLC
502 Washington Ave., Suite 405
Baltimore, Maryland 21204
bgogel@rwllaw.com
Telephone: (410) 769-8080
Cell Phone: (410) 530-8658

*Counsel for Plaintiff/Counter-Claim Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on June 12, 2026, service of the foregoing was made via

electronic mail on the following:

Jake Lebowitz
Posey Lebowitz PLLC
3221 M St. NW
Washington DC 20007
jlebowitz@poseylebowitz.com
*Attorneys for Defendant/Counter-Plaintiff*

> *<u>/s/ Richard T. Lobas</u>*
> RICHARD T. LOBAS

9