**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **STEFON DIGGS,**<br><br>**Plaintiff/Counter-Claim Defendant,**<br><br>**v.**<br><br>**CHRISTOPHER BLAKE GRIFFITH**<br><br>**Defendant/Counter-Claim Plaintiff.** | **Civil Case No.: 8-25-cv-03767-TJS**<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF/ COUNTERCLAIM-DEFENDANT STEFON DIGGS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Plaintiff and Counter-Defendant Stefon Diggs ("Diggs" or "Plaintiff") by and through his undersigned counsel, for his answer to the first amended counterclaims ("FAC") of Defendant and Counter-claimant Christopher Blake Griffith ("Griffith" or "Defendant") sets forth as follows. To the extent not expressly admitted, all allegations are denied.

## NATURE OF THE CASE

1. Lacks sufficient information to admit or deny the allegations asserted in paragraph 1 of the FAC. To the extent a response is required, the allegations asserted in paragraph 1 of the FAC are denied.

2. Denies each and every allegation asserted in Paragraph 2 of the FAC except admits that Griffith was hired by Diggs. Diggs denies any and all remaining allegations of this paragraph.

3. Denies each and every allegation asserted in paragraph 3 of the FAC.

4. Denies each and every allegation asserted in paragraph 4 of the FAC.

5. Denies each and every allegation asserted in paragraph 5 of the FAC except that Griffith did in fact steal articles of clothing from Diggs' residence.

**PARTIES**

6. Lacks sufficient information to admit or deny the allegations asserted in paragraph 6 of the FAC.

7. Admits the allegations asserted in paragraph 7 of the FAC.

**JURISDICTION AND VENUE**

8. Admits the allegations asserted in paragraph 8 of the FAC in that jurisdiction over Diggs is appropriate in this Court pursuant to 28 U.S.C. § 1332.

9. Admits the allegations asserted in paragraph 9 of the FAC.

10. Admits the allegations asserted in paragraph 10 of the FAC in that the venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

11. Denies each and every allegation asserted in paragraph 11 of the FAC except that the Parties did have a professional relationship.

12. Denies each and every allegation asserted in paragraph 12 of the FAC.

13. Denies each and every allegation asserted in paragraph 13 of the FAC except that Griffith did attend Diggs' event in the Washington, D.C. area.

14. Denies each and every allegation asserted in paragraph 14 of the FAC except that Griffith did at some point travel to the Washington, D.C. area.

15. Denies each and every allegation asserted in paragraph 15 of the FAC except that Griffith was present for the charity basketball event.

16. Denies each and every allegation asserted in paragraph 16 of the FAC except that Diggs was present at MGM National Harbor hotel and casino in Oxon Hill, Maryland.

17. Lacks sufficient information to admit or deny the allegations asserted in paragraph 17 of the FAC. To the extent a response is required, the allegations asserted in paragraph 17 of the FAC are denied.

18. Lacks sufficient information to admit or deny the allegations asserted in paragraph 18 of the FAC. To the extent a response is required, the allegations asserted in paragraph 18 of the FAC are denied.

19. Lacks sufficient information to admit or deny the allegations asserted in paragraph 19 of the FAC. To the extent a response is required, the allegations asserted in paragraph 19 of the FAC are denied.

20. Denies each and every allegation asserted in paragraph 20 of the FAC.

21. Denies each and every allegation asserted in paragraph 21 of the FAC.

22. Denies each and every allegation asserted in paragraph 22 of the FAC.

23. Denies each and every allegation asserted in paragraph 23 of the FAC.

24. Denies each and every allegation asserted in paragraph 24 of the FAC.

25. Denies each and every allegation asserted in paragraph 25 of the FAC.

26. Denies each and every allegation asserted in paragraph 26 of the FAC.

27. Denies each and every allegation asserted in paragraph 27 of the FAC.

28. Denies each and every allegation asserted in paragraph 28 of the FAC.

29. Denies each and every allegation asserted in paragraph 29 of the FAC.

30. Denies each and every allegation asserted in paragraph 30 of the FAC.

31. Denies each and every allegation asserted in paragraph 31 of the FAC.

32. Denies each and every allegation asserted in paragraph 32 of the FAC.

33. Denies each and every allegation asserted in paragraph 33 of the FAC.

34. Denies each and every allegation asserted in paragraph 34 of the FAC.

35. Denies each and every allegation asserted in paragraph 35 of the FAC.

36. Denies each and every allegation asserted in paragraph 36 of the FAC.

37. Denies each and every allegation asserted in paragraph 37 of the FAC.

38. Denies each and every allegation asserted in paragraph 38 of the FAC.

39. Denies each and every allegation asserted in paragraph 39 of the FAC.

40. Denies each and every allegation asserted in paragraph 40 of the FAC.

41. Denies each and every allegation asserted in paragraph 41 of the FAC.

42. Denies each and every allegation asserted in paragraph 42 of the FAC.

43. Denies each and every allegation asserted in paragraph 43 of the FAC.

44. Denies each and every allegation asserted in paragraph 44 of the FAC.

45. Denies each and every allegation asserted in paragraph 45 of the FAC.

46. Denies each and every allegation asserted in paragraph 46 of the FAC.

47. Denies each and every allegation asserted in paragraph 47 of the FAC.

48. Denies each and every allegation asserted in paragraph 48 of the FAC.

49. Denies each and every allegation asserted in paragraph 49 of the FAC.

50. Denies each and every allegation asserted in paragraph 50 of the FAC.

51. Denies each and every allegation asserted in paragraph 51 of the FAC.

52. Denies each and every allegation asserted in paragraph 52 of the FAC.

53. Denies each and every allegation asserted in paragraph 53 of the FAC.

54. Denies each and every allegation asserted in paragraph 54 of the FAC.

55. Denies each and every allegation asserted in paragraph 55 of the FAC.

56. Denies each and every allegation asserted in paragraph 56 of the FAC.

57. Denies each and every allegation asserted in paragraph 57 of the FAC.

58. Denies each and every allegation asserted in paragraph 58 of the FAC.

59. Denies each and every allegation asserted in paragraph 59 of the FAC.

60. Denies each and every allegation asserted in paragraph 60 of the FAC.

61. Denies each and every allegation asserted in paragraph 61 of the FAC.

62. Denies each and every allegation asserted in paragraph 62 of the FAC.

63. Denies each and every allegation asserted in paragraph 63 of the FAC.

64. Denies each and every allegation asserted in paragraph 64 of the FAC.

65. Denies each and every allegation asserted in paragraph 65 of the FAC.

66. Denies each and every allegation asserted in paragraph 66 of the FAC.

67. Denies each and every allegation asserted in paragraph 67 of the FAC.

68. Denies each and every allegation asserted in paragraph 68 of the FAC.

69. No response to paragraph 69 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in Paragraph 69 of the FAC.

70. No response to paragraph 70 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs denies the allegations set forth in Paragraph 70 of the FAC.

71. No response to paragraph 71 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in Paragraph 71 of the FAC.

72. No response to paragraph 72 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in Paragraph 72 of the FAC.

73. No response to paragraph 73 of the Counterclaim is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in Paragraph 73 of the FAC.

74. No response to paragraph 74 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 74 of the FAC.

75. No response to paragraph 75 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 75 of the FAC.

76. No response to paragraph 76 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 76 of the FAC.

77. No response to paragraph 77 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 77 of the FAC.

78. No response to paragraph 78 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 78 of the FAC.

79. No response to paragraph 79 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 79 of the FAC.

80. No response to paragraph 80 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 80 of the FAC.

81. No response to paragraph 81 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in Paragraph 81 of the FAC.

82. Denies each and every allegation asserted in paragraph 82 of the FAC.

83. No response to paragraph 83 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 83 of the FAC.

84. No response to paragraph 84 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 84 of the FAC.

85. No response to paragraph 85 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 85 of the FAC.

86. No response to paragraph 86 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 86 of the FAC.

87. Based on payment records, Diggs admits that his credit card was used to purchase a plane ticket for Mr. Mack. Diggs denies any allegations or implications in this paragraph indicating or suggesting that he authorized, participated in, or had knowledge of the transaction.

88. No response to paragraph 88 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 88 of the FAC.

89. Based on payment records, Diggs admits that his credit card was used to purchase a hotel accommodation in Los Angeles for Mr. Jordan. Diggs denies any allegations or implications in this paragraph indicating or suggesting that he authorized, participated in, or had knowledge of the transaction.

90. Denies each and every allegation asserted in paragraph 90 of the FAC.

91. Diggs admits that telephone records reflect calls between phones belonging to Diggs and Mr. Jordan on May 29, 2023, but deny for lack of knowledge the allegation that any calls occurred "during the May 29,2023 attack on Mr. Griffith in Los Angeles." Diggs denies knowledge or involvement of any attack on Mr. Griffith prior to its occurrence.

92. Diggs admits that telephone records reflect a call to a cell phone belonging to Mr. Jordan at 2:31 PM PDT. Diggs lacks sufficient information to admit or deny the remaining allegations of paragraph 92 of the FAC.

93. Diggs admits that telephone records reflect a call to a cell phone belonging to Mr. Jordan at 2:32 PM PDT. Diggs lacks sufficient information to admit or deny the remaining allegations of paragraph 93 of the FAC.

94. No response to paragraph 94 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks

sufficient information to admit or deny the allegations set forth in paragraph 94 of the Counterclaim.

95. No response to paragraph 95 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 95 of the FAC.

96. No response to paragraph 96 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 96 of the FAC.

97. No response to paragraph 97 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 97 of the FAC.

98. No response to paragraph 98 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 98 of the FAC.

99. No response to paragraph 99 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 99 of the FAC.

100. No response to paragraph 100 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 100 of the FAC.

101. No response to paragraph 101 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 101 of the FAC.

102. No response to paragraph 102 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 102 of the FAC.

103. No response to paragraph 103 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 103 of the FAC.

104. Denies each and every allegation set forth in paragraph 104 of the FAC.

105. Denies each and every allegation set forth in paragraph 105 of the FAC.

106. Denies each and every allegation set forth in paragraph 106 of the FAC.

107. Denies each and every allegation set forth in paragraph 107 of the FAC.

108. Denies each and every allegation set forth in paragraph 108 of the FAC.

109. Denies each and every allegation set forth in paragraph 109 of the FAC.

110. Denies each and every allegation set forth in paragraph 110 of the FAC.

111. Denies each and every allegation set forth in paragraph 111 of the FAC.

112. Denies each and every allegation set forth in paragraph 112 of the FAC.

113. Denies each and every allegation set forth in paragraph 113 of the FAC.

114. Denies each and every allegation set forth in paragraph 114 of the FAC.

115. Lacks sufficient information to admit or deny the allegations asserted in paragraph 115 of the FAC. To the extent a response is required, the allegations asserted in paragraph 115 of the FAC are denied.

116. Denies each and every allegation set forth in paragraph 116 of the FAC.

117. Denies each and every allegation set forth in paragraph 117 of the FAC.

**COUNT I**
**(Battery)**

118. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

119. Denies each and every allegation set forth in paragraph 119 of the FAC.

120. Denies each and every allegation set forth in paragraph 120 of the FAC.

121. Denies each and every allegation set forth in paragraph 121 of the FAC.

122. Denies each and every allegation set forth in paragraph 122 of the FAC.

123. Denies each and every allegation set forth in paragraph 123 of the FAC.

124. Denies each and every allegation set forth in paragraph 124 of the FAC.

125. Denies each and every allegation set forth in paragraph 125 of the FAC.

126. Denies each and every allegation set forth in paragraph 126 of the FAC.

127. Denies each and every allegation set forth in paragraph 127 of the FAC.

128. Denies each and every allegation set forth in paragraph 128 of the FAC.

129. Denies each and every allegation set forth in paragraph 129 of the FAC.

130. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 130 of the FAC.

131. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 131 of the FAC.

**COUNT II**
**(Sexual Battery)**

132. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

133. Denies each and every allegation set forth in paragraph 133 of the FAC.

134. Denies each and every allegation set forth in paragraph 134 of the FAC.

135. Denies each and every allegation set forth in paragraph 135 of the FAC.

136. Denies each and every allegation set forth in paragraph 136 of the FAC.

137. Denies each and every allegation set forth in paragraph 137 of the FAC.

138. Denies each and every allegation set forth in paragraph 138 of the FAC.

139. Denies each and every allegation set forth in paragraph 139 of the FAC.

140. Denies each and every allegation set forth in paragraph 140 of the FAC.

141. Denies each and every allegation set forth in paragraph 141 of the FAC.

142. Denies each and every allegation set forth in paragraph 142 of the FAC.

143. Denies each and every allegation set forth in paragraph 143 of the FAC.

144. Denies each and every allegation set forth in paragraph 144 of the FAC.

145. Denies each and every allegation set forth in paragraph 145 of the FAC.

146. Denies each and every allegation set forth in paragraph 146 of the FAC.

147. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 147 of the FAC.

148. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 148 of the FAC.

149. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 149 of the FAC.

150. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 150 of the FAC.

**COUNT III**
**(Civil Conspiracy)**

151. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

152. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 152 of the FAC.

153. Denies each and every allegation set forth in paragraph 153 of the FAC.

154. Denies each and every allegation set forth in paragraph 154 of the FAC

155. Lacks sufficient information to admit or deny the allegations asserted in paragraph 155 of the FAC. To the extent a response is required, the allegations asserted in paragraph 155 of the FAC are denied.

156. Lacks sufficient information to admit or deny the allegations asserted in paragraph 156 of the FAC. To the extent a response is required, the allegations asserted in paragraph 156 of the FAC are denied.

157. Denies each and every allegation set forth in paragraph 157 of the FAC.

158. Lacks sufficient information to admit or deny the allegations asserted in paragraph 158 of the FAC. To the extent a response is required, the allegations asserted in paragraph 158 of the FAC are denied.

159. Denies each and every allegation set forth in paragraph 159 of the FAC.

160. Denies each and every allegation set forth in paragraph 160 of the FAC.

161. No response to paragraph 161 of the FAC is necessary as it does not contain specific factual allegations asserted against Diggs. To the extent a response is required, Diggs lacks sufficient information to admit or deny the allegations set forth in paragraph 161 of the FAC.

162. Denies each and every allegation set forth in paragraph 162 of the FAC.

163. Denies each and every allegation set forth in paragraph 163 of the FAC.

164. Denies each and every allegation set forth in paragraph 164 of the FAC.

165. Denies each and every allegation set forth in paragraph 165 of the FAC.

166. Denies each and every allegation set forth in paragraph 166 of the FAC.

167. Lacks sufficient information to admit or deny the allegations asserted in paragraph 167 of the FAC. To the extent a response is required, the allegations asserted in paragraph 167 of the FAC are denied.

168. Lacks sufficient information to admit or deny the allegations asserted in paragraph 168 of the FAC. To the extent a response is required, the allegations asserted in paragraph 168 of the FAC are denied.

169. Lacks sufficient information to admit or deny the allegations asserted in paragraph 169 of the FAC. To the extent a response is required, the allegations asserted in paragraph 169 of the FAC are denied.

170. Denies each and every allegation set forth in paragraph 170 of the FAC.

171. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 171 of the FAC.

172. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 172 of the FAC.

173. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 173 of the FAC.

174. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 174 of the FAC.

**COUNT IV**
**(Intentional Infliction of Emotional Distress)**

175. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

176. Denies each and every allegation set forth in paragraph 176 of the FAC.

177. Denies each and every allegation set forth in paragraph 177 of the FAC.

178. Denies each and every allegation set forth in paragraph 178 of the FAC.

179. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 179 of the FAC.

**COUNT V**
**(Defamation *per se*)**

180. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

181. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 181 of the FAC.

182. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 182 of the FAC.

183. Lacks sufficient information to admit or deny the allegations asserted in paragraph 183 of the FAC. To the extent a response is required, the allegations asserted in paragraph 183 of the FAC are denied.

184. Denies each and every allegation set forth in paragraph 184 of the FAC.

185. Denies each and every allegation set forth in paragraph 185 of the FAC.

186. Denies each and every allegation set forth in paragraph 186 of the FAC.

187. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 187 of the FAC.

188. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 188 of the FAC.

189. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 189 of the FAC.

## COUNT VI
**(Defamation *per quod*)**

190. Diggs repeats and incorporates by reference his responses above as if fully set forth herein.

191. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 191 of the FAC.

192. Lacks sufficient information to admit or deny the allegations asserted in paragraph 192 of the FAC. To the extent a response is required, the allegations asserted in paragraph 192 of the FAC are denied.

193. Lacks sufficient information to admit or deny the allegations asserted in paragraph 193 of the FAC. To the extent a response is required, the allegations asserted in paragraph 193 of the FAC are denied.

194. Denies each and every allegation set forth in paragraph 194 of the FAC.

195. Denies each and every allegation set forth in paragraph 195 of the FAC.

196. Denies each and every allegation set forth in paragraph 196 of the FAC.

197. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 197 of the FAC.

198. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 198 of the FAC.

199. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Diggs denies the allegations set forth in paragraph 199 of the FAC.

## GENERAL DENIAL

Diggs denies all allegations of the FAC not expressly admitted herein and denies that Griffith is entitled to any of the relief requested in his Prayer for Relief.

## AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIMS

Without limiting the foregoing denials, and reserving all additional defenses that may become available through discovery, Diggs asserts the following defenses:

1. **Failure to State a Claim**. The FAC fails to state a claim upon which relief can be granted.

2. **Estoppel**. Griffith's first amended counterclaims are barred, in whole or in part, by the doctrine of estoppel, waiver, and unclean hands.

3. **Waiver**. Griffith's first amended counterclaims are barred, in whole or in part, by the doctrine of waiver.

4. **Unclean Hands**. Griffith's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

5. **Truth**. Griffith's first amended counterclaims for defamation are barred, in whole or in part, due to the truth of any and all statements in fact proven to have been made.

6. **Privilege**. Griffith's first amended counterclaims for defamation are barred, in whole or in part, under the doctrine of privilege to defend oneself.

7. **Lack of Malice**. Griffith's first amended counterclaims for punitive damages are barred, whole or in part, due to Griffith's lack of common law malice.

8. **Statute of Limitations**. Griffith's first amended counterclaims are barred, in whole or in part, by applicable statute of limitations and/or doctrine of laches.

9. **Reservation**. Diggs reserves the right to assert additional defenses as discovery establishes such defenses and to seek dismissal of any counterclaim that becomes moot or otherwise non-justiciable.

**DEMAND FOR JURY TRIAL**

No response is required to Griffith's Demand for Jury Trial. Diggs reiterates his demand for a trial by jury in this action for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Diggs respectfully requests that the Court:

a. Dismiss Griffith's First Amended Counterclaims with prejudice;

b. Enter judgment in favor of Diggs on all First Amended Counterclaims;

c. Declare that Griffith is not entitled to any declaratory relief requested in Counts I-VI;

f. Award Diggs his costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

g. Grant such further relief as the Court deems just and proper.

**WHEREFORE**, Diggs prays for judgment against Griffith dismissing the First Amended Counterclaims, awarding Diggs the costs and attorneys' fees of this action, and granting such other and further relief as the Court deems just and proper.

Dated: October 29, 2026

Respectfully Submitted,

*Richard T. Lobas*

Richard T. Lobas, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Email address: rtl@mss-pllc.com

Mitchell Schuster, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Email address: ms@mss-pllc.com

Kevin M. Hutzel, Esq.
Admitted *Pro Hac Vice*
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: 212-655-3500
Email address: kmh@mss-pllc.com

Charles S. Fax (Fed. Bar No. 02490)
Rifkin Weiner Livingston LLC
7700 Wisconsin Avenue, Suite 320
Bethesda, Maryland 20814
Email address: cfax@rwllaw.com
Telephone: (301) 951-0150

*Counsel for Plaintiff/Counter-Claim Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Thursday, October 29, 2026, service of the foregoing was made through this this Court's CM/ECF system on the following:

Jacob M. Lebowitz, Esq. (Bar No. 18984)
POSEY LEBOWITZ PLLC
3221 M Street NW
Washington, D.C. 20007

*Richard T. Lobas*
Richard T. Lobas